**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, as subrogee of Christopher Maida, *Plaintiff*, | ) | No. |
| v. | ) | |
| PORSCHE CARS NORTH AMERICA, INC., a Georgia Corporation, *Defendant*. | ) | |

## COMPLAINT

NOW COMES Plaintiff ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (hereinafter, "Allstate"), as subrogee of Christopher Maida (hereinafter, "Mr. Maida"), by and through its attorneys, Grotefeld, Hoffmann, Schleiter, Gordon, Ochoa & Evinger, LLP, and complains of Defendant PORSCHE CARS NORTH AMERICA, INC. (hereinafter, "Porsche") and for its Complaint, states the following:

## PARTIES

1. At all times relevant, Allstate was and is an insurer authorized to conduct business in the State of Florida. Allstate is an Illinois Corporation with its principal place of business at 2675 Sanders Road, Northbrook, Illinois 60062.

2. At all times relevant, Mr. Maida resided at 712 Howard Avenue S., Apartment 315, Tampa, Florida 33606.

3. Upon information and belief, and at all times relevant, Defendant Porsche was and is a Georgia corporation with its headquarters located at One Porsche Drive, Atlanta,

Georgia 30354, doing business as a manufacturer and seller of consumer products, including motor vehicles, which were distributed and sold throughout the State of Florida under the exclusive "Porsche" brand name.

**JURISDICTION & VENUE**

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1), as Plaintiff Allstate is an Illinois Corporation with its principal place of business in Northbrook, Illinois, Defendant Porsche is a Georgia Corporation with its principal place of business in Atlanta, Georgia. The amount in controversy exceeds $75,000 exclusive of costs and interest.

5. Venue is proper in this district based on 28 U.S.C. §1391(a) and LR 1.02(c) in that the events giving rise to this claim occurred within this district.

**GENERAL ALLEGATIONS**

6. Based on information and belief, Mr. Maida leased a 2014 Porsche 911 Carrera S bearing Vehicle Identification Number WP0AB2A92ES122698 (hereinafter, "the subject vehicle") in April 2014 from Reeves Import Motor Cars.

7. At all times relevant, the subject vehicle was used for its customary, normal and foreseeable use of providing transportation.

8. Defendant Porsche and/or its representative agents, employees and/or subsidiaries, designed, approved, recommended, manufactured, assembled, built, tested, inspected, marketed, distributed and/or sold the subject vehicle and its component parts and placed the subject vehicle into the stream of commerce to be sold for a profit to consumers.

9. At all times relevant, Mr. Maida held a policy of insurance written by Allstate, which, *inter alia*, provided coverage for the subject vehicle and real and personal property damage.

10. On April 27, 2015, a sudden and calamitous fire occurred within the subject vehicle, causing substantial fire damage to the subject vehicle, Mr. Maida's personal property and the parking garage where the vehicle had been parked (hereinafter, "the subject fire").

11. At the time of the subject fire, the subject vehicle was parked and unoccupied in a parking garage located at 712 S. Howard Avenue, Tampa, Florida.

12. Investigation into the cause of the fire revealed the fire originated from within the subject vehicle.

13. Subsequent investigation revealed the fire was caused by a defect and/or malfunction that occurred on a battery cable routed to the subject vehicle's engine. The defect and/or malfunction caused the aforementioned fire to occur, and resulted in the total loss of the subject vehicle, damage to Mr. Maida's personal property and damage to the parking garage.

14. The subject vehicle did not perform its reasonable and intended function of providing transportation without the unreasonable danger of fire.

15. Pursuant to his policy of insurance, Mr. Maida submitted a claim to Allstate seeking indemnification and reimbursement for damages sustained as a result of the subject fire loss.

16. As a direct and proximate result of the fire originating in the subject vehicle and pursuant to the policy of insurance described above, Allstate paid in excess of $112,190.08 on behalf of Mr. Maida for damages sustained to the vehicle, personal property and the parking garage.

17. In consideration of the aforementioned payments by Allstate to or on behalf of Mr. Maida, and by operation of law, Plaintiff Allstate became an actual, bona fide subrogee of

Mr. Maida, and became subrogated to all rights and claims that Mr. Maida may have against any person or entity that may be liable for causing the aforementioned loss and resultant damages.

**COUNT I**
**STRICT PRODUCTS LIABILITY AGAINST DEFENDANT PORSCHE**

18. Plaintiff incorporates Paragraphs 1 through 17 above as though fully set forth herein Count I.

19. The subject vehicle tested, distributed, manufactured, marketed, and sold by Defendant Porsche was offered for lease to the general public and consumers, including Mr. Maida. The subject vehicle was expected to reach the general public and consumers, including Mr. Maida, in the condition in which it was tested, manufactured, distributed, marketed and sold by Defendant Porsche.

20. The subject vehicle was leased and used by Mr. Maida in the condition in which it was tested, manufactured, marketed, distributed, and sold by Porsche.

21. The subject vehicle was unreasonably dangerous and defective in light of its foreseeable and intended use at the time that it left the control of Porsche in one or more of the following ways:

a. The subject vehicle was defectively designed, allowing a defect and/or malfunction to occur on a battery cable routed to the subject vehicle's engine;

b. The subject vehicle was defectively manufactured, allowing a defect and/or malfunction to occur on a battery cable routed to the subject vehicle's engine;

c. The subject vehicle was improperly tested;

d. The subject vehicle was improperly inspected;

e. The subject vehicle failed to contain adequate warnings for the defective and dangerous condition of the battery cable;

f. The subject vehicle failed to contain adequate warnings for the defective and dangerous condition of the vehicle and its ability to cause a fire; and

g. Was otherwise unreasonably dangerous and defective.

22. The subject vehicle posed risks that exceeded a reasonable buyer's expectations.

23. Defendant Porsche failed to warn foreseeable users, including Mr. Maida, of the defective and unreasonably dangerous condition of the subject vehicle, the dangers relating to the improper manufacturing and improper design of the subject vehicle, and the danger of a failure at the battery cable.

24. On April 27, 2015, as a direct and proximate result of the defective and/or unreasonably dangerous condition of the subject vehicle, a failure occurred at a battery cable routed to the subject vehicle's engine, and resulted in extensive damage to the subject vehicle, Mr. Maida's personal property and the parking garage.

25. As a direct and proximate result of the defective and/or unreasonably dangerous condition of the subject vehicle, Plaintiff Allstate was obligated to, and did in fact pay, to or on behalf of Mr. Maida, an amount in excess of $112,190.08 pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

Wherefore, Plaintiff Allstate Fire and Casualty Insurance Company, as subrogee of Christopher Maida, prays for judgment in its favor and against Defendant Porsche Cars North America, Inc., in an amount in excess of $112,190.08, along with all costs and fees this Court deems equitable and just.

**COUNT II**
**NEGLIGENCE AGAINST DEFENDANT PORSCHE**

26. Plaintiff incorporates Paragraphs 1 through 17 above as though fully set forth herein Count II.

27. At all times relevant, Defendant Porsche, and/or its representative agents, employees and/or subsidiaries, had a duty to exercise reasonable care in testing, distributing, manufacturing, marketing, and selling the subject vehicle in protection of the subject vehicle, personal property and the parking garage.

28. Defendant Porsche, and/or its representative agents, employees and/or subsidiaries, breached its duty of care by one or more of the following negligent acts and/or omissions:

a. Selling the subject vehicle and/or its defective component parts, which it knew, or should have known, subjected Plaintiff's insured's vehicle and property to an unreasonable risk of harm;

b. Selling the subject vehicle and/or its component parts when it knew, or should have known, that the vehicle could not be used without an unreasonable risk of harm to Plaintiff's insured's vehicle and property.

c. Failing to timely and properly warn Plaintiff and Plaintiff's insured of the subject vehicle's defective condition when it knew, or should have known, that the vehicle created an unreasonable risk of harm;

d. Failing to adequately, properly, and/or safely inspect, test, and/or repair the subject vehicle and/or its components to make the necessary corrections and adjustments, which inspections, tests or repairs, if properly performed, would have revealed the existence of the vehicle's dangerous condition;

e. Failing to properly design the subject vehicle and/or its component parts;

f. Failing to properly manufacture, construct, and or fabricate the vehicle and/or its component parts;

g. Failing to manufacture, construct, and/or fabricate the subject vehicle in a workmanlike manner;

h. Continuing to manufacture, construct, fabricate, and/or distribute such vehicles when it knew, or should have known, that the dangerous characteristics of these vehicles caused an unreasonable risk of harm;

i. Using improper and/or inadequate parts, components, and/or materials in the construction and manufacture of its vehicles;

j. Failing to design, construct, manufacture, fabricate, install, inspect, test, operate, and/or maintain the vehicles and/or their parts and/or their components in conformity with the prevailing industry and/or governmental specifications and standards;

k. Failing to adequately, properly, and/or safely supervise its servants, employees, and/or agents in their design, construction, manufacture, fabrication, installation, inspection, testing, operating, and/or maintenance of the vehicles and/or their parts and/or their component parts; and/or

l. Was otherwise negligent.

29. On April 27, 2015, as a direct and proximate result of the aforementioned negligent acts and/or omissions, a failure occurred at a battery cable routed to the subject vehicle's engine and caused a fire to occur at the subject vehicle, resulting in substantial damage to the subject vehicle, Mr. Maida's personal property and the parking garage.

30. As a direct and proximate result of Defendant Porsche's negligence, Plaintiff Allstate was obligated to, and did in fact pay Mr. Maida in excess of $112,190.08 pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

Wherefore, Plaintiff Allstate Fire and Casualty Insurance Company, as subrogee of Christopher Maida, prays for judgment in its favor and against Defendant Porsche Cars North America, Inc., in an amount in excess of $112,190.08, along with all costs and fees this Court deems equitable and just.

Respectfully submitted,

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**

By: ______________________

Mark S. Grotefeld
GROTEFELD, HOFFMANN, SCHLEITER, GORDON, OCHOA & EVINGER LLP
4500 PGA Boulevard
Suite 104
Palm Beach Gardens, FL 33418
Telephone: 312-551-0200
Facsimile: 312-601-2402
Email: mgrotefeld@ghlaw-llp.com
Florida Bar No.: 0347851